UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 5:10-CV-05718 EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO STRIKE** |
| v. | [Re: Docket Item No. 19] |
| TERRY TRANG NGUYEN, | |
| Defendants. | |

Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") owns exclusive commercial distribution rights to "Strikeforce: 'Evolution': Cung Le v. Scott Smith" (the "Program"). Compl. ¶ 10. On December 15, 2010, Plaintiff filed this action against Defendant Terry Trang Nguyen ("Nguyen") and Defendant Dian Thao Nguyen, individual and doing business as Café Da Thao, also known as Da Thao Deli ("Defendants"), alleging that Defendants unlawfully intercepted or displayed the Program at their commercial establishment in San Jose, California. Compl. ¶ 13.

The complaint alleges violations of the Communications Act of 1934, 47 U.S.C. § 605; the Cable & Television Protection and Competition Act of 1992, 47 U.S.C. § 553; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq., as well as a cause of action for conversion.

1

Case No.: 5:10-CV-05718 EJD
ORDER GRANTING MOTION TO STRIKE

On March 29, 2011, Nguyen filed her Answer asserting eight affirmative defenses. ECF No. 11. On May 11, 2011, Plaintiff filed a Motion to Strike the affirmative defenses pleaded in the answers. ECF No. 19. Nguyen filed no opposition to Plaintiff's motion. The court heard oral argument on the motion on September 23, 2011. Nguyen did not appear.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. Security People, Inc. v. Classic Woodworking, LLC, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). While a defense need not include extensive factual allegations in order to give fair notice, Security People, Inc., 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient. CTF Development, Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. Pro. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question. Id.

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. Wyshak, 607 F.2d at 826.

## II. DISCUSSION

**A. First Affirmative Defense**

Plaintiff argues that Nguyen's first affirmative defense, which states that any damages recovered "shall be diminished to the extent that such damages were proximately caused by the plaintiff's own actions or negligence," is immaterial and impertinent. Answer ¶ 3; see Mot. At

2

Case No.: 5:10-CV-05718 EJD
ORDER GRANTING MOTION TO STRIKE

5:22-24. The Court agrees that comparative fault is not a recognized defense to any of the four claims in the Complaint. See e.g., G & G Closed Circuit Events, LLC v. Nguyen, No. 10–CV–00168, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010) (striking comparative fault affirmative defense as immaterial or impertinent); Delgado, 2011 WL 219594 at *2 (same). Accordingly, the first affirmative defense is stricken with prejudice.

**B.   Second, Third, Fourth, and Seventh Affirmative Defenses**

The Court agrees with Plaintiff's argument that a number of the affirmative defenses are not pleaded with sufficient particularity to give Plaintiff fair notice of the basis for the asserted defense. These include the following affirmative defenses: (2) the damages were the proximate result of the acts of third parties, (3) laches and unreasonable delay, (4) failure to mitigate damages, and (7) waiver, estoppel, and unclean hands.

Nguyen does not identify any third parties or their acts, or articulate how Plaitniff engaged in unreasonable delay that prejudiced her, or state what damages could have been mitigated and how Plaintiff failed to do so,[1] or identify any conduct amounting to "unclean hands." Additionally, Nguyen's references to the waiver, estoppel, and unclean hands defenses are insufficiently pleaded because she alleges no supporting facts whatsoever explaining how the doctrines apply to Plaintiff. Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."); Nguyen, 2010 WL 3749284 at *5 (striking the affirmative defenses of "waiver" and "estoppel doctrine" as insufficient because they "each amount [ ] to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case"). Without this basic information, Plaintiff cannot ascertain the basis for these affirmative defenses. See Qarbon.com Inc., 315 F. Supp. 2d at 1050 (N.D. Cal.

---

[1] Some courts have stricken the failure to mitigate affirmative defense with prejudice as immaterial, see, e.g., G & G Closed Circuit Events, LLC v. Nguyen, No. 10–CV–00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010). At least one court, however, has declined to do so without the parties' having addressed whether the defense is applicable to a claim for restitution under the UCL when plaintiff alleges that defendant caused it to lose current, previous, and potential customers, J & J Sports Prods., Inc. v. Delgado, No. 2:10-2517 WBS KJN, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011). An identical UCL allegation is made in the Complaint in this action, and the court declines to find that the defense is immaterial at this time and grants leave to amend.

3
Case No.: 5:10-CV-05718 EJD
ORDER GRANTING MOTION TO STRIKE

2004) (striking affirmative defenses that set forth only general allegations and failed to provide a factual basis for the defense).

Accordingly, Nguyen's second, third, fourth, and seventh affirmative defenses are stricken with leave to amend.

**C. Fifth, Sixth, and Eighth Affirmative Defenses**

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987). "In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses." Nguyen, 2010 WL 3749284 at *5. Here, several defenses asserted by Nguyen do not actually constitute affirmative defenses. These include the following affirmative defenses: (5) no pecuniary damages, (6) failure to state a claim, and (8) indemnification by apportionment.

Nguyen's fifth affirmative defense states that Plaintiff "did not experience any pecuniary damages or losses" as a result of her acts or omissions. Answer ¶ 6. This argument is a denial of an element of Plaintiff's causes of action, not an affirmative defense.

Nguyen's sixth affirmative defense states "[t]he Complaint, and each of the purported causes of action therein fail to state facts sufficient to constitute a cause of action against [her]." Answer ¶ 8. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case." J & J Sports v. Mendoza–Govan, 2011 WL 1544886 (N.D.Cal. Apr. 25, 2011) (internal punctuation omitted).

Nguyen's eighth affirmative defense states that she is "entitled to a right of indemnification by apportionment against all other parties and person[s] whose conduct contributed proximately to the happening of the claimed event and the claimed damages." Answer ¶ 10. Indemnification is not an affirmative defense, "but rather a claim that must be pleaded and proved." J & J Sports Prods., Inc. v. Vizcarra, No. 11-1151 SC, 2011 WL 4501318, at *3 (N.D. Cal, Sep. 27, 2011) (citing Norddeutscher Lloyd v. JonesStevedoring Co., 490 F. 2d 648, 650 (9th Cir. 1973)).

Accordingly, Nguyen's fifth, sixth, and eighth affirmative defenses are stricken with prejudice.

### III. CONCLUSION

Plaintiff's motion to strike affirmative defenses in Nguyen's Answer is GRANTED. Affirmative defenses 1, 5, 6, and 8 are stricken with prejudice. Affirmative defenses 2, 3, 4, and 7 are stricken without prejudice and with leave to amend. Nguyen shall file any amended answer no later than January 30, 2012.

**IT IS SO ORDERED.**

Dated:  Fgego dgt"37."4233



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:10-CV-05718 EJD
ORDER GRANTING MOTION TO STRIKE