UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 5:10-CV-05718-EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| TERRY TRANG NGUYEN and DIAN THAO NGUYEN, individually and d/b/a Cafe Da Thao a/k/a Da Thao Deli | |
| Defendants. | |

Plaintiff G & G Closed Circuit Events, LLC moves for entry of default judgment in the amount of $111,800.00 against Defendant Dian Thao Nguyen,[1] individually and d/b/a Cafe Da Thao a/k/a Da Thao Deli. Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605 and for conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on December 16, 2011. For the reasons discussed below, the motion will be granted in part.

## I. BACKGROUND

### A. Factual History

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a December 19, 2009 fight between Cung Le and Scott Smith, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). Plaintiff then entered

---

[1] In this Order, all instances of the singular form of the word "Defendant" refer to Dian Thao Nguyen.

1

Case No.: 5:10-CV-05718-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn, an investigator hired by Plaintiff, observed an exhibition of the Program in Cafe Da Thao. Defendants had not obtained a sublicense, so they were not entitled to exhibit the Program. Gravelyn entered the premises without paying a cover charge and observed the Program on eight televisions. Decl. of Affiant at 2, May 17, 2011, ECF No. 20 attachment no. 3. Between 9:15 p.m. and 9:17 p.m., he performed three headcounts, noting the presence of sixty-two, sixty-five, and sixty-five people by each respective count. Id. at 2-3. The declaration indicates that the capacity of Cafe Da Thao is 200 persons and that Gravelyn observed a satellite dish but no cable box. Id. at 2.

**B. Procedural History**

Plaintiff filed the instant action on December 15, 2010. After Defendant Dian Thao Nguyen was served with process and failed to respond in a timely manner, ECF No. 10, Plaintiff moved for entry of default and served the motion by mail. ECF No. 12. The clerk entered default on April 6, 2011. ECF No. 13. Plaintiff moved for default judgment on May 17, 2011, and has provided proof of service indicating that a copy of the notice and application for default judgment were mailed to Defendant. ECF No. 20. Defendant did not appear at the hearing.

## II. DISCUSSION

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

In the complaint, Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), $10,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $50,000 in enhanced

2

damages pursuant to 47 U.S.C. § 553(c)(3)(B), and damages for conversion in an amount according to proof. On the instant motion for default judgment, Plaintiff abandons its demands under § 553. Still, the Court analyzes whether damages under § 605 are justified.

### A. Whether to Apply 47 U.S.C. § 605 or § 553

Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.' " Cal. Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing Nat'l Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. Compl. ¶¶ 10-13.

Section 605 applies to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Prods., Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings allege that Defendant intercepted a satellite broadcast, and Gravelyn stated that he observed a satellite dish at Cafe Da Thao. Decl. of Affiant at 2, May 17, 2011, ECF No. 20 attachment no. 3. Accordingly, Plaintiff properly seeks damages under § 605 and not § 553.

### 1. Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)

Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages in an amount between $1,000 and $10,000 for a violation of § 605(a). Plaintiff requests $10,000, noting that at least two other district courts have awarded that amount under circumstances similar to those present in this case. See J & J Sports Prods., Inc. v. Flores, No. 1:08-cv-0483 LJO DLB, 2009 WL 1860520, at *2 (E.D. Cal. June 26, 2009) (awarding $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and serving thirty-five people); J & J Sports Prods., Inc. v. George, No. 1:08cv090 AWI DLB, 2008 WL 4224616, at *2 (E.D. Cal. Sept. 15, 2008) (awarding $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and

serving thirty people). Plaintiff contends that the maximum award against Defendant is necessary to deter future violations.

Plaintiff has presented evidence that the establishment's capacity is two hundred persons, that the establishment served sixty-two, sixty-five, and sixty-five persons during Gravelyn's headcounts, and that the Program was shown on eight televisions. Having considered all of the evidence presented, the Court finds that the maximum statutory damages are unwarranted here. The Court finds that an award of $5,400 is appropriate under the circumstances.

### 2. Enhanced Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)

47 U.S.C. § 605(e)(3)(C)(ii) provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain."

Plaintiff alleges that Defendant's interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 14. Allegations in the complaint, though admitted against the defaulting party, do not bind the Court in exercising its discretion to award damages. This is particularly true when the allegation is conclusory.

Plaintiff directs the Court's attention to another case pending against the Defendant in which similar conduct is alleged. Riley Supp. Decl., May 17, 2011, ECF No. 20 attachment no. 4. That case arises based on an alleged violation that occurred after the events at issue in this action, however, so it is not particularly probative of the Defendant's wilfulness or purpose during the events at issue here.

The Court concludes that this is not an appropriate situation for the discretionary imposition of enhanced damages.

### 3. Costs and Fees Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii)

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii). In its motion Plaintiff requests that the judgment include costs and attorney's fees and costs, but it makes no attempt to prove up the amount of either costs or fees. The Court therefore has no basis on which to make such an award.

**B. Damages for Conversion**

The facts alleged in the complaint are sufficient to establish that Defendant's screening was inconsistent with Plaintiff's ownership of the right to control the exhibition the Program. The complaint is therefore sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal. App. 2d Supp. 859, 862 (Cal. App. Dep't Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant would be liable for the value of the property at the time of the conversion. As stated in the Motion for Default Judgment, the price of ordering the Program from Plaintiff for an establishment with a capacity of 200 persons was $1,800. Pl.'s Aff. ISO Mot. Default J. ¶ 8, May 11, 2011, ECF No. 20 attachment no. 5.

But conversion damages are inappropriate in this case. Federal law arguably preempts a state-law conversion claim like Plaintiff's, see Joe Hand Promotions, Inc. v. Patton, 10–40242–FDS, 2011 WL 6002475, at *5 (D. Mass. Nov. 29, 2011), but the court need not reach the preemption issue here. Because Plaintiff is awarded statutory damages in excess of actual damages, any additional award would constitute a double recovery. Section 605(e)(3)(C)(i) allows for recovery of either 1) plaintiff's actual damages plus defendant's profits attributable to the violation, or 2) statutory damages between $1,000 and $10,000, as described above. The choice between the two damages schemes is exclusively the plaintiff's. 47 U.S.C. § 605(e)(3)(C)(i). A party that elects statutory damages under the federal law should not also be allowed to recover actual damages for the same act under a state law theory. See, e.g., J & J Sports Prods., Inc. v. Miramontes, CV-10-02345-PHX-FJM, 2011 WL 892350, at *2 (D. Ariz. Mar. 14, 2011); Kingvision Pay-Per-View, Ltd. v. Lardo, 10-cv-0059, 2010 WL 3463316, at *5 (E.D. Pa. Sept. 10, 2010); J & J Sports Productions, Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc., 2:09-03141-DCN-RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010).

/
/
/
/
/

### III. CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment is GRANTED IN PART. Plaintiff shall be entitled to recover $5,400 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

**IT IS SO ORDERED.**

Dated: March 15, 2012



EDWARD J. DAVILA
United States District Judge