UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>                       Plaintiff,<br>  v.<br><br>THAO XUAN VO and YOUNG NG NGUYEN, individually and d/b/a Vong Cat,<br><br>                       Defendant. | Case No. 5:10-CV-05718-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT.** |

       Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") brought the instant action for conversion and unlawful interception of a telecast against Defendant Dian Thao Nguyen,[1] individually and d/b/a Cafe Da Thao a/k/a Da Thao Deli. Defendants did not respond to the complaint, and default was entered against them.

      On March 15, 2012, the Court granted default judgment in favor of Plaintiff, awarding $5,400 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff now moves to alter or amend the judgment, claiming that the Court committed clear error by not awarding enhanced damages sufficient to deter future violations under the relevant statute, and that damages for conversion should have been granted. Defendant(s) have not filed any documents to oppose Plaintiff's motion.

---

[1] In this Order, all instances of the singular form of the word 'Defendant' refer to Dian Thao Nguyen.

1

Case No. 5:10-CV-05718-EJD
ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT.

# I. BACKGROUND

## A. Factual History

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a December 19, 2009 fight between Cung Le and Scott Smith, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). Plaintiff then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn, an investigator hired by Plaintiff, observed an exhibition of the Program in Cafe Da Thao. Defendants had not obtained a sublicense, so they were not entitled to exhibit the Program. Gravelyn entered the premises without paying a cover charge and observed the Program on eight televisions. See, Decl. of Affiant at 2, May 17, 2011, ECF No. 20 attachment no. 3. Between 9:15 p.m. and 9:17 p.m., he performed three headcounts, noting the presence of sixty-two, sixty-five, and sixty-five people by each respective count. Id. at 2-3. The declaration indicated that the capacity of Cafe Da Thao was 200 persons. Gravelyn observed a satellite dish but no cable box. Id. at 2.

## B. Procedural History

Plaintiff filed the instant action on December 15, 2010. After Defendant Dian Thao Nguyen was served with process and failed to respond in a timely manner, ECF No. 10, Plaintiff moved for entry of default and served the motion by mail. ECF No. 12. The clerk entered default on April 6, 2011. ECF No. 13. Plaintiff moved for default judgment on May 17, 2011, which was granted on March 15, 2012 ('Order').

# II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend judgment may be granted if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999). Rule 59(e) "offers an extraordinary remedy, to be used

sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).

Plaintiff now moves to alter or amend the judgment, claiming that the Court committed clear error with respect to damages under the various heads discussed below.

### A. Damages awarded under 47 U.S.C. § 605 are not insufficient, nor should such damages be enhanced

This Court awarded Plaintiff $5,400 in statutory damages under 47 U.S.C. § 605. In the present motion, Plaintiff argues: (1) that this statutory amount ($5,400) is insufficient, and (2) that the Court should have awarded 'enhanced damages' (which it did not).

Plaintiff made arguments on both (1) and (2) in its motion for default judgment. An oral hearing was also afforded to Plaintiff to address these arguments.

Accordingly, the Court finds that there is no clear error because the arguments raised at the default motion on December 16, 2011 are those also now before the Court in the present motion to alter or amend judgment. They need not be addressed again. As such, and in the interests of "finality and conservation of judicial resources," the Court rejects Plaintiff's arguments under 47 U.S.C. § 605. See generally, Kona Enters., Inc. F.3d 877, 890 (9th Cir.2000).

### B. Damages For Conversion

Plaintiff raises a further argument with respect to conversion. That is, that any additional damages for conversion would not constitute double recovery. In reviewing this argument, the Court observes the following judgments, J & J Sports Productions, Inc. v. Wood, No. C 11–1160 PJH, 2012 WL 33258 (N.D.Cal. Jan. 6, 2012) (awarding $2,000 in statutory damages, $5,000 in enhanced damages and $2,000 for conversion); Joe Hand Promotions, Inc. v. Dang, 2011 WL 6294289 2011 WL 6294289 (N.D.Cal. Dec. 14, 2011) (awarding $1,100 in conversion damages in addition to $7,000 in statutory damages and $1,000 in enhanced statutory damages); J & J Sports Productions, Inc. v. Paolilli, No. 1:11–cv–00680 LJO GSA, 2012 WL 87183 (E.D.Cal., Jan. 9, 2012) (awarding $6,200 in conversion damages in addition to $10,000 in statutory damages and $30,000 in enhanced damages); Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991, 1005-06 (9th Cir. 2008) (upholding an award of compensatory damages for federal

3

antitrust violations and California tort law), and <u>Nintendo of Am., Inc. v. Dragon Pac. Int'l</u>, 40 F.3d 1007, 1010 (9th Cir. 1994), cert. denied sub nom. <u>Sheng v. Nintendo of Am., Inc.</u>, 115 S. Ct. 2256 (1995) (awarding both Lanham Act actual damages and Copyright Act statutory damages.)

The Court observes that these cases were not cited, nor appear to have been argued at the oral hearing for motion for default judgment. However, since the two Northern District of California decisions were handed down after Plaintiff's motion for default judgment was filed – and not argued before this Court by Plaintiff in the motion for default motion – the Court amends the award with respect to conversion damages, and finds that Plaintiff should be awarded $1,800.

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED IN PART. Plaintiff shall be entitled to recover damages for conversion to the sum of $1,800. The Court shall file an amended judgment reflecting the modification.

Dated: August 22, 2012

_____
EDWARD J. DAVILA
United States District Judge

4

Case No. 5:10-CV-05718-EJD
ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT.